FILED
3/19/26 12:18 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **IN RE:** | ) | |
| **John W. Putz, Jr.** | ) | **Case No.  25-21080 – GLT** |
| | ) | |
| | ) | **Chapter 13** |
| **Debtor(s).** | ) | |
| | **X** | Related to Docket No. 43 |

## ORDER OF COURT
### (Check Boxes That Apply)

☒ **Confirming Plan on Final Basis**     ☐ **Chapter 13 Plan dated:**
_____

☐ **Authorizing Distributions Under Plan** ☒ **Amended Chapter 13 dated:**
**On Interim Basis Solely as Adequate**                      **2-3-26**
**Protection**

IT IS HEREBY ORDERED that the Chapter 13 Plan Payment is $3,046.00 effective 8-25.

IT IS HEREBY ORDERED that pursuant to the plan identified above (the "Plan"), as the same may be modified by this Order, the Chapter 13 Trustee is authorized to make distributions to creditors holding allowed claims from available funds on hand.  Such distributions shall commence no earlier than the Chapter 13 Trustee's next available distribution date after the first day of the month following the date on which this Order is entered on the Court's docket.

IT IS FURTHER ORDERED that those terms of the Plan which are not expressly modified by this Order shall remain in full force and effect.  To the extent any terms and conditions of the Plan are in conflict with this Order, the terms of this Order shall supersede and replace any conflicting terms and conditions of the Plan.

1.     **Unique Provisions Applicable Only to This Case**: *Only those provisions which are checked below apply to this case:*

☒     A.  For the remainder of the Plan term, the periodic monthly Plan payment is amended to be $3,344.00, beginning 4-26. To the extent there is no wage attachment in place or if an existing wage attachment is insufficient to fund the Plan payments, counsel to the Debtor(s) shall within seven (7) days hereof file a wage attachment motion (or motions) to fully fund the Plan payments, or shall sign up for and commence payments under the Trustee's TFS online payment program.

☐     B.  The length of the Plan is changed to a total of at least \_\_\_\_months. This

-1-

statement of duration of the Plan is an approximation. The Plan shall not be completed until the goals of the Plan have been achieved.

☐ C.  To the extent this Order is entered as a form of adequate protection, the Trustee is authorized to distribute to secured and priority creditors with percentage fees payable to the Chapter 13 Trustee on receipt as provided for in 28 U.S.C. §586. ***Continued conciliation conferences before the Trustee or contested hearings before the Court shall proceed on such dates and times as appear on the case docket.*** The Trustee is deemed to have a continuous objection to the Plan until such time the Plan is confirmed on a final basis.

**PARTIES ARE REMINDED OF THEIR DUTY TO MONITOR THE COURT'S DOCKET AND ATTEND DULY SCHEDULED HEARINGS. THE PARTIES ARE FURTHER REMINDED OF THEIR DUTY TO MEET AND CONFER AND OTHERWISE ENGAGE IN GOOD FAITH SETTLEMENT NEGOTIATIONS WITH RESPECT TO ANY OBJECTION TO PLAN CONFIRMATION. FAILURE TO COMPLY WITH THESE DUTIES MAY RESULT IN THE IMPOSITION OF SANCTIONS AGAINST THE OFFENDING PARTY.**

☐ D.  Plan confirmation is subject to the resolution of all actions to determine the avoidability, priority, or extent of liens; including determination of the allowed amount of secured claims under *11 U.S.C. §506*, disputes over the amount and allowance of claims entitled to priority under *11 U.S.C. §507*, and all objections to claims.

☐ E.  The allowed claims of general unsecured creditors shall be paid from available funds on a pro rata basis, which may represent an increase or decrease in the amount projected in the Plan.

☐ F.  The following utility creditor _____ shall be paid monthly payments of $_____ beginning with the Trustee's next distribution and continuing for the duration of the Plan's term, to be applied by that creditor to its administrative claim, ongoing budget payments and/or security deposit. These payments shall be at the third distribution level.

☒ G.  The claims of the following creditors shall govern as to amount, classification and rate of interest (or as otherwise noted), unless the Debtor(s) successfully objects to the claim:
- PA Dept of REV CL#3
- Deer Lakes SD CL#4
- Deer Lakes SD CL#5

☐ H.  The secured claims of the following creditors shall govern as to claim amount, to be paid at the modified plan interest rate in a monthly amount to be determined

by Trustee to pay the claim in full during the Plan term:

_____

☐   I.  The secured claim(s) of the following creditors shall govern as to claim amount, to be paid at the indicated interest rate in a monthly amount to be determined by Trustee to pay in full during the Plan term:

_____

☐   J.  The secured claim(s) of the following creditor(s) shall govern, following all allowed post-petition payment change notices filed of record:

_____

☒   K.  Additional Terms and Conditions:

- MidFirst Bank CL#2 to be paid PPFN $1,750.00 pending no timely objection
- Pool Revised to Match 100% of the Filed Unsecured Claims of $1,912.81
- Trustee's Certificate of Default (at Doc 35) is treated as resolved by this Order.

- *Debtor(s) are to fund the plan by TFS [notwithstanding anything to the contrary in the plan] which is to be implemented within 14 days of the date of this Order (if not previously implemented). Debtor(s) are responsible for ensuring that the full monthly plan payment is made each month regardless of the manner in which payments are intended to be made. Trustee reserves the right to reject money orders or cashier's checks, provided further that if she, in her discretion, presents such items for payments she may keep the funds on hold for more than 30 days before distributing on such types of payments. Debtors making payments by money order or cashier's check assume the risk that distributions under the plan will be delayed because of the failure to pay by one of the approved methods (wage attachment, TFS, or ACH).*

- *To the extent the Plan is confirmed pre-bar date(s) or the completion of pending or contemplated litigation (including §506/522f action and objections to claims) or Loss Mitigation (LMP), or any other plan contingencies including sales, creditors will be paid per plan in the plan amount (or as superseded by this Confirmation Order or other Order(s) of Court) notwithstanding a claim in a greater amount or priority. Debtor shall review all proofs of claims as filed and to take such action(s), including modification of the Plan or this Confirmation Order, as is necessary to address claim discrepancies and to address other subsequent events that will affect the adequacy of plan funding (including the outcome of contemplated or pending litigation, LMP, sale*

*process, etc.) The need to address plan funding deficiency includes increasing the plan payment as necessary to fund 100% of timely filed and allowed non-specially classified unsecured creditors in 100% plan cases.*

- 

**2. <u>Deadlines</u>. The following deadlines are hereby established and apply to this case:**

**A.     Applications to retain brokers, sales agents, or other professionals.** If the Plan contemplates a sale or sales of assets or the recovery of litigation proceeds as a source of funding, Debtor(s) shall file motion(s) to employ the necessary professionals within thirty (30) days hereof.

**B.     Review of Claims Docket and Objections to Claims.** Pursuant to *W.PA.LBR 3021−1(c)(2)*, the Debtor(s) (or Debtor(s)' attorney, if represented), shall review the proofs of claim filed in this case and shall file objections (1) to any disputed timely filed claims within ninety (90) days after the claims bar date, or (2) to any disputed late filed or amended claims within ninety (90) days after the amended and/or late claims are filed and served. Absent a timely objection or further order of the Court, the timely filed proof of claim will govern as to the classification and amount of the claim; provided however, no creditor shall receive a distribution in this case until such time as the relevant allowed claim is provided for in the Plan or any subsequent amended plan.

**C.     Motions or Complaints Pursuant to §§506, 507 or 522.** All actions to determine the priority, avoidability, or extent of liens, and all actions pursuant to *11 U.S.C. §§506, 507 and 522* shall be filed within ninety (90) days after the claims bar date.

**D.     Filing Amended Plans or Other Stipulation.** Within fourteen (14) days after the Bankruptcy Court resolves the priority of a claim, avoidability of a lien or interest, or extent of a lien, or any objection to claim, the Debtor(s) shall file an Amended Plan or Stipulated Order Modifying Plan to provide for the allowed amount of the lien or claim if the allowed amount and/or treatment differs from the amount and/or treatment stated in the Plan. The Debtor(s) or Counsel for Debtor(s) should inquire with the Chapter 13 Trustee regarding whether an Amended Plan or proposed Stipulated Order Modifying Plan is the preferred course of action. In addition, if after the conclusion of the claims bar date and any associated litigation, the Plan is underfunded, Debtor(s) shall also file (1) an amended Plan increasing the monthly Plan payment, and (2) a revised wage attachment to provide for the increased funding.

**3.     <u>Additional Provisions</u>.  The following additional provisions apply in this case:**

**A.     Any creditor who files or amends a proof of claim shall serve a copy on the Debtor(s) or counsel for the Debtor(s).

-4-

**B.** The Trustee shall hold in reserve any distributions under the Plan to any creditor who holds a claim that is provided for in the Plan but which is subject to a duly filed claims objection. Upon entry of further order of the Court, or ultimate allowance of the disputed claim provided for in the Plan, the Trustee may release the reserve and make distribution to the affected creditor. Unless otherwise permitted by separate Order of Court, Trustee shall not commence distributions to unsecured creditors until after the later of the government bar date and a filed notice of an intention to pay claims (the later date being the "Earliest Unsecured Distribution Date"). Trustee may, but has no obligation to, further defer distributions to unsecured creditors until a later date after the Earliest Unsecured Distribution Date.

**C.** Any creditor whose payment changes due to variable interest rates, change in escrow, or change in monthly payments, shall notify the Trustee, Debtor(s)' counsel and Debtor(s) at least twenty−one (21) days prior to the change taking effect.

**D.** Debtor(s)' counsel must file a fee application in accordance with *W.PA.LBR 2016−1* before attorney fees in excess of the "no look" provision (including retainer) will be allowed or paid.

**E.** The Trustee shall file a *Certificate of Default and Request for Dismissal* of the case in the event of a material Plan default.

**F.** In the event that any order is entered in this case granting relief from the automatic stay to a secured creditor, then the Trustee shall make no further disbursements to any creditor on account of any allowed ***secured claim*** (that is secured by the property subject to the relief from stay order), unless otherwise directed by further Order of Court.

**G.** The Debtor(s) shall maintain all policies of insurance on all property of the Debtor(s) and this estate as required by law and/or contract.

**H.** The Debtor(s) shall pay timely all post-confirmation tax liabilities directly to the appropriate taxing authorities as they become due.

Dated: __    March 19, 2026

Gregory L. Taddonio, Chief Judge
United States Bankruptcy Court

cc:  All Parties in Interest to be served by Clerk

-5-

United States Bankruptcy Court

Western District of Pennsylvania

In re:                                                                                    Case No. 25-21080-GLT

John W. Putz, Jr.                                                                  Chapter 13

     Debtor

# CERTIFICATE OF NOTICE

District/off: 0315-2                      User: auto                                    Page 1 of 2

Date Rcvd: Mar 19, 2026                   Form ID: pdf900                              Total Noticed: 13

The following symbols are used throughout this certificate:

**Symbol        Definition**

+              Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Mar 21, 2026:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | + John W. Putz, Jr., 260 Shagbark Drive, Cheswick, PA 15024-9617 |
| 16527870 | + Keystone Collections Group, PO Box 426, Irwin, PA 15642-0426 |
| 16527871 | + Kratzenberg Lazzaro Lawson & Vincent, 546 Wendel Road, Irwin, PA 15642-7539 |

TOTAL: 3

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|
| 16542530 | + Email/Text: Bankruptcy@keystonecollects.com | Mar 20 2026 01:12:00 | Deer Lakes School District, c/o Keystone Collections Group, 546 Wendel Road, Irwin, PA 15642-7539 |
| 16543963 | Email/PDF: resurgentbknotifications@resurgent.com | Mar 20 2026 01:24:34 | LVNV Funding, LLC, Resurgent Capital Services, PO Box 10587, Greenville, SC 29603-0587 |
| 16540635 | + Email/PDF: ais.midfirst.ebn@aisinfo.com | Mar 20 2026 01:24:34 | MIDFIRST BANK, 999 NorthWest Grand Boulevard, Oklahoma City, OK 73118-6051 |
| 16527875 | Email/Text: ml-ebn@missionlane.com | Mar 20 2026 01:12:00 | Mission Lane LLC, PO Box 71084, Charlotte, NC 28272-1084 |
| 16527872 | + Email/PDF: ais.midfirst.ebn@aisinfo.com | Mar 20 2026 01:24:30 | Midfirst Bank, 999 N.W. Grand Boulevard, Suite 100, Oklahoma City, OK 73118-6051 |
| 16527874 | + Email/Text: bankruptcydpt@mcmcg.com | Mar 20 2026 01:12:00 | Midland Credit Management Inc., PO Box 939069, San Diego, CA 92193-9069 |
| 16553855 | + Email/Text: bankruptcydpt@mcmcg.com | Mar 20 2026 01:12:00 | Midland Credit Management, Inc., PO Box 2037, Warren, MI 48090-2037 |
| 16541005 | Email/Text: RVSVCBICNOTICE1@state.pa.us | Mar 20 2026 01:12:00 | Pennsylvania Department of Revenue, Bankruptcy Division, PO Box 280946, Harrisburg, PA 17128-0946 |
| 16527876 | Email/Text: bankruptcy@sccompanies.com | Mar 20 2026 01:13:00 | Seventh Avenue Credit, 1112 7th Avenue, Monroe, WI 53566-1364 |
| 16529295 | Email/PDF: OGCRegionIIIBankruptcy@hud.gov | Mar 20 2026 01:24:38 | U.S. Department of Housing and Urban Development, 801 Market Street 12th Floor, Philadelphia, PA 19107 |

TOTAL: 10

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| cr | | MIDFIRST BANK |
| 16527873 | | Midfirst Bank |

TOTAL: 2 Undeliverable, 0 Duplicate, 0 Out of date forwarding address

District/off: 0315-2        User: auto        Page 2 of 2

Date Rcvd: Mar 19, 2026        Form ID: pdf900        Total Noticed: 13

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 21, 2026        Signature:        /s/Gustava Winters

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on March 19, 2026 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Denise Carlon | on behalf of Creditor MIDFIRST BANK dcarlon@kmllawgroup.com |
| Matthew Fissel | on behalf of Creditor MIDFIRST BANK bkgroup@kmllawgroup.com  wbecf@brockandscott.com |
| Natasha C Alejandro | on behalf of Debtor John W. Putz  Jr. nalejandro@bononilaw.com |
| Office of the United States Trustee | ustpregion03.pi.ecf@usdoj.gov |
| Ronda J. Winnecour | cmecf@chapter13trusteewdpa.com |

TOTAL: 5